UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUBBIE DELAR TILLMAN, #181077,

               Plaintiff,

                                   CASE NO. 2:14-CV-13282

v.                               HONORABLE ARTHUR J. TARNOW

MICHIGAN COURT OF APPEALS,

               Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.    INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.  In his complaint, Michigan prisoner Bubbie Delar Tillman ("Plaintiff") challenges the Michigan Court of Appeals' handling of his criminal case, essentially alleging that the court failed to properly issue a certification or an order or judgment so that he could properly appeal to the Michigan Supreme Court.  He sues the Michigan Court of Appeals in its official capacity and seeks an order voiding its 1987 decision and remanding the case for reinstatement of his direct appeal.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action.  *See* 28 U.S.C. § 1915(a)(1).

### II.    LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

*Tillman v. Michigan Ct. of App.*
Case No. 2:14-CV-13282
Page 3 of 9

a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## III.   DISCUSSION

### A.      Jurisdiction and Rooker-Feldman

As an initial matter, the Court finds that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district

3

court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006).

"In determining the applicability of the *Rooker-Feldman* doctrine, federal courts cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint, but instead must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state court judgments entered before the federal suit was filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Consequently, it may be raised *sua sponte*. *Saker v. National City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004). When a claim is

barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Applying the foregoing principles to the present complaint, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Plaintiff challenges the application of state court rules to his case. He complains that a Michigan Court of Appeals' decision is procedurally and constitutionally unsound and asks the Court to vacate it. That is exactly the sort of appellate review of state court judgments that federal courts are barred from engaging in under *Rooker-Feldman*. The injury complained of is the dismissal of his state criminal appeal and that injury is directly and solely traceable to the state court ruling. In other words, Plaintiff has "repaired to federal court to undo the [Michigan] judgment," *Exxon Mobil*, 544 U.S. at 293, and his complaint "rests on the premise that the state court entry of [judgment] was invalid." *Thompkins-El v. Wells Fargo Bank Minn.*, No. 05-CV-74715, 2006 WL 2433438, at *3 (E.D. Mich. Aug. 22, 2006) (Battani, J.); *see also Yee v. Michigan Supreme Ct.*, No. 06-CV-15142, 2007 WL 200952, at *5 (E.D. Mich. Jan. 23, 2007) (Rosen, J.). His claims are thus precluded by the *Rooker-Feldman* doctrine.

### B. Defendant Not Subject to Suit

Additionally, Plaintiff's complaint against Michigan Court of Appeals must be dismissed because the state court is not a "person" subject to suit under § 1983. Neither the

state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, the United States Court of Appeals for the Sixth Circuit has held that a state court is not a "person" subject to suit under § 1983. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Plaintiff's complaint against the Michigan Court of Appeals must therefore be dismissed.

### C.   Criminal Proceedings and Heck Bar

Plaintiff's complaint concerns his state criminal proceedings. It is thus further subject to dismissal for failure to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal

court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true

regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state

prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading

to conviction or internal prison proceedings) – if success in that action would necessarily

demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005).  The underlying basis for the holding in *Heck* is that "civil tort actions are

not appropriate vehicles for challenging the validity of outstanding criminal judgments."

*Heck*, 512 U.S. at 486.  If Plaintiff were to prevail on his claims concerning the validity of

his criminal proceedings, his conviction(s) and continued confinement would be called into

question.  Such claims are barred by *Heck* and must be dismissed.

**D.     Eleventh Amendment Immunity**

Plaintiff sues the Michigan Court of Appeals in its official capacity.  His complaint

is thus also subject to summary dismissal on the basis of immunity.  The Eleventh

Amendment bars civil rights actions against a state and its agencies and departments unless

the state has waived its immunity and consented to suit or Congress has abrogated that

immunity.  *Will*, 491 U.S. at 66.  Eleventh Amendment immunity applies "regardless of the

nature of the relief sought," *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89,

100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir . 1993) (internal citations omitted).

The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). The Michigan Court of Appeals is entitled to Eleventh Amendment immunity and Plaintiff's complaint must be dismissed.

## IV.   CONCLUSION

For the reasons stated, the Court concludes that it lacks jurisdiction over this case under the Rooker-Feldman doctrine, that the Michigan Court of Appeals is not an entity subject to suit under 42 U.S.C. § 1983, that Plaintiff has failed to state a claim upon which relief may be granted in his complaint, and that the Michigan Court of Appeals is entitled to

*Tillman v. Michigan Ct. of App.*
Case No. 2:14-CV-13282
Page 9 of 9

Eleventh Amendment immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE**

the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court

further concludes that an appeal from this decision cannot be taken in good faith. *See* 28

U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

       **IT IS SO ORDERED**.

                        S/Arthur J. Tarnow
                        Arthur J. Tarnow
                        Senior United States District Judge

Dated: September 22, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on
September 22, 2014, by electronic and/or ordinary mail.

                        S/Catherine A. Pickles
                        Judicial Assistant

9